UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STANLEY HENDERSON,

    Plaintiff,                       CASE NO. 06-CV-13274

v.                                     DISTRICT JUDGE THOMAS LUDINGTON
                                       MAGISTRATE JUDGE CHARLES BINDER

JOHN S. RUBITSCHUN, JAMES E.
ATTERBERRY, MIGUEL BERRIOS,
CHARLES BRADDOCK, GEORGE
LELLIS, MARGIE R. McNUTT,
JAMES QUINLAN, MARIANNE
SAMPER, BARBARA SAMPSON,
WILLIAM A. SLAUGHTER,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON**
**DEFENDANT PAROLE BOARD MEMBERS' MOTION TO DISMISS**
(Dkt. 26)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** and the case be **DISMISSED**.

**II.    REPORT**

**A.    Introduction**

By order of U.S. District Judge David M. Lawson,[1] this case was referred to the undersigned Magistrate Judge for general case management on July 28, 2006. (Dkt. 4.) Before the Court is Defendants' dispositive motion, which was filed on October 13, 2006. (Dkt. 27.) Plaintiff filed a response opposing the motion (Dkt. 28) and Defendants filed a reply. (Dkt. 29.) After review of the documents,

---

[1] Pursuant to Administrative Order 06-AO-027, the case was reassigned to United States District Judge Thomas L. Ludington on September 13, 2006. (Dkt. 17.)

I conclude that pursuant to E.D. Mich. 7.1 (e)(2), this motion is ready for Report and Recommendation without oral argument.

### B.   Facts and Arguments of the Parties

This *pro se* civil rights action was filed on July 20, 2006. At that time, Plaintiff was in the custody of the Michigan Department of Corrections, serving a parolable life sentence for an armed robbery conviction he received in 1981. At the time he filed his complaint, Plaintiff was housed at the Charles E. Egeler Reception and Guidance Center in Jackson, Michigan. (Compl., Dkt. 1 at 3.) Defendants are the chairman and members of the Michigan Parole Board. (*Id.* ¶¶ 14-15.)   Plaintiff alleges that he is a member of a class certified by United States District Judge Nancy Edmunds in the prisoner class action case of *Foster-bey v. Rubitschun,* 05-CV-71318. (*Id.* ¶¶ 17-18.) Although a member of this class, Plaintiff requests that "this Honorable Court allow[] him to present his individual issue, and not be excluded from the Class Action Certification." (*Id.*)

Plaintiff's complaint then recites that in 1994 he received a "parolable lifer interview," but was given no further parole consideration except a "five year continuous" [sic]. (*Id.* ¶ 34.) Plaintiff alleges that his file was again reviewed in 1999 and he was given another five-year continuation. (*Id.* ¶ 35.) In February 2004, Plaintiff was interviewed by a Parole Board member, but was again notified that the Board had "no interest" in taking further action and was issued a third five-year continuation. (*Id.* ¶ 36.) Plaintiff states that he is not scheduled for any further review until February 2009. (*Id.* ¶ 38.)

Plaintiff alleges that these actions are in violation of the Parole Board's own policies and long-term release guidelines as well as the Ex Post Facto Clause of the United States Constitution and that they have caused him irreparable harm. Plaintiff seeks a declaratory judgment that the Michigan Parole Board has violated its own release guidelines, an injunction barring Defendants from using post-1992 release guidelines policies, and an order directing Defendants to conduct a new parole hearing for Plaintiff using pre-1992 guidelines. (*Id.* at 13.)

Defendants filed the instant motion arguing that, as a member of a certified class, Plaintiff cannot now seek individual relief by way of a separate lawsuit; that this Court lacks jurisdiction; and that Plaintiff

lacks standing. Defendants also argue that, should the Court reach the merits, the Parole Board's policies do not implicate the Ex Post Facto Clause.

Plaintiff responds that he in fact meets all the elements of standing, reiterates his position that by not scheduling a parole review until 2009, the Parole Board violates its own long-term release guidelines, and that this injury "will be redressed by a favorable decision." (Dkt. 29 at 3.) With regard to his membership in the pending class-action, Plaintiff asserts that "his particularized facts. . . [are] not . . . litigated in the pending class action [.]" (*Id.* at 1.)

    C.    **Law and Analysis**

    1.    **Motion Standards**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal for lack of jurisdiction. Rule 12(b)(6) provides for dismissal where there is a failure to state a claim upon which relief can be granted. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Accordingly, when deciding a dismissal motion, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)).

    2.    **Discussion**

In *Groseclose v. Dutton,* 829 F.2d 581 (6th Cir. 1987), the court faced a situation where a prisoner had filed an individual action alleging the same subject matter as that of a pending class action. The court concluded:

> In *Goff v. Menke*, 672 F.2d 702 (8th Cir. 1982), the Court of Appeals for the Eighth Circuit vacated a district court order where the district judge had granted relief in a prison conditions case while a class action covering the whole prison system was pending on the docket of another district judge. The Court of Appeals remanded the case and ordered that it be consolidated with the class action.
>
> We agree with the logic of the Eighth Circuit decision in *Goff*. To allow two or more district judges to issue directions to prison officials simultaneously would be to create what the *Goff* court aptly characterized as an "inefficient" situation, fraught with potential for inconsistency, confusion, and unnecessary expense. 672 F.2d at 705.

*Groseclose*, 829 F.2d at 584. *See also Arnold v. Ghee,* 12 Fed. Appx. 313 (6th Cir. 2001) (citing *Groseclose* and dismissing the prisoner-plaintiff's claims relating to enforcement of a consent decree and stating that "[plaintiff] should seek relief through the [class action] case so that enforcement of the consent decree may be addressed by one district court judge.")

I suggest that the instant case presents the Court with facts identical to those of *Groseclose*. Plaintiff in this case acknowledges that he is a member of the *Foster-bey* class. He both seeks relief identical to that of the class to which he belongs and raises legal issues identical to those before the district judge in *Foster-bey*.[2] As a result, I therefore suggest that Plaintiff be required to seek the relief he requests through the class action of which he is already a member.

Although argued by both parties, I further suggest that the court refrain from consideration of the merits, since to do so, I suggest, would bring about exactly the concerns highlighted by the courts in *Groseclose* and *Arnold.*

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United*

---

[2] I note that a motion by defendants for summary judgment is currently pending in that case. (Case No. 05-CV-71318; Dkt. 124.)

*States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                           s/ *Charles E. Binder*
                                                           CHARLES E. BINDER
Dated: February 27, 2007                     United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report And Recommendation was electronically filed this date, electronically served on Christine Campbell, served on Stanley Henderson by first class mail, and served on District Judge Ludington in the traditional manner.

Date:  February 27, 2007                By     s/Jean L. Broucek
                                                   Case Manager to Magistrate Judge Binder