UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STANLEY HENDERSON,

        Plaintiff,

v.

        Case Number 06-13274-BC
        Honorable Thomas L. Ludington

JOHN S. RUBITSCHUN, JAMES E.
ATTERBERRY, MIGUEL BERRIOS,
CHARLES BRADDOCK, GEORGE
LELLIS, MARGIE R. McNUTT,
JAMES QUINLAN, MARIANNE
SAMPER, BARBARA SAMPSON,
WILLIAM A. SLAUGHTER,

        Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS,
GRANTING DEFENDANTS' MOTION TO DISMISS, AND DISMISSING CASE**

This matter is before the Court on plaintiff Stanley Henderson's objections to a report issued by Magistrate Judge Charles E. Binder on February 27, 2007 recommending that the defendants' motion to dismiss be granted and the case be dismissed. After a *de novo* review of the record in light of the plaintiff's objections, the Court, consistent with Magistrate Judge Binder, can discern no basis for the instant case to proceed independent of the prisoner class action, *Foster-bey v. Rubitschun*, Case No 05-71318, pending before United States District Judge Nancy Edmunds. The Court therefore will adopt the magistrate judge's report and recommendation, overrule the plaintiff's objections, grant the defendants' motion to dismiss, and dismiss the case.

The parties do not object to the facts as recited by the magistrate judge. The Court finds that they faithfully track the record and adopts them here. The following is a summary.

The plaintiff commenced this action on July 20, 2006. At that time, the plaintiff was in the custody of the Michigan Department of Corrections, housed at the Charles E. Egeler Reception and Guidance Center in Jackson, Michigan, serving a life sentence for armed robbery of which he was convicted in 1981. The plaintiff alleges that he is a member of the class action noted above, but seeks to proceed in this case "to allow him to present his individual issue, and not be excluded from the Class Certification." R&R at 2; Compl. at ¶¶ 17-18.

According to the complaint, the plaintiff received a "parole lifer interview," but was denied parole consideration, which was to be reviewed again in five years, a "five year continuation." He asserts that his file was reviewed in 1999 and again he was given another five-year continuation. In February 2004, apparently a parole board member interviewed the plaintiff, but the same result obtained, another five-year continuation. The plaintiff will next be considered for parole in February 2009.

The plaintiff claims in his papers that the actions described above violate the parole board's own policies and long-term release guidelines in addition to the Constitution's ex-post facto prohibition. He states that he has suffered irreparable harm as a result and seeks a declaratory judgment that the board has violated its own guidelines as well as an injunction prohibiting the defendants from using post-1992 release guideline policies and an order directing the defendants to conduct a new parole hearing for him based on pre-1992 guidelines.

Thereafter, the defendants filed a motion to dismiss asserting that the plaintiff may not, as a member of a certified class, file a separate lawsuit seeking individual relief. As noted, the magistrate judge issued a report and recommendation on February 27, 2007, in which he agreed with the defendants. The magistrate judge reasoned as follows:

In *Groseclose v. Dutton*, 829 F.2d 581 (6th Cir. 1987), the court faced a situation where a prisoner had filed an individual action alleging the same subject matter as that of a pending class action. The court concluded:

> In *Goff v. Menke*, 672 F.2d 702 (8th Cir. 1982), the Court of Appeals for the Eighth Circuit vacated a district court order where the district judge had granted relief in a prison conditions case while a class action covering the whole prison system was pending on the docket of another district judge. The Court of Appeals remanded the case and ordered that it be consolidated with the class action.
>
> We agree with the logic of the Eighth Circuit decision in *Goff*. To allow two or more district judges to issue directions to prison officials simultaneously would be to create what the *Goff* court aptly characterized as an "inefficient" situation, fraught with potential for inconsistency, confusion, and unnecessary expense. 672 F.2d at 705.

*Groseclose*, 829 F.2d at 584. *See also Arnold v. Ghee*, 12 Fed. Appx. 313 (6th Cir. 2001) (citing *Groseclose* and dismissing the prisoner-plaintiff's claims relating to enforcement of a consent decree and stating that "[plaintiff] should seek relief through the [class action] case so that enforcement of the consent decree may be addressed by one district court judge.")

I suggest that the instant case presents the Court with facts identical to those of *Groseclose*. Plaintiff in this case acknowledges that he is a member of the Foster-bey class. He both seeks relief identical to that of the class to which he belongs and raises legal issues identical to those before the district judge in Foster-bey. As a result, I therefore suggest that Plaintiff be required to seek the relief he requests through the class action of which he is already a member.

Although argued by both parties, I further suggest that the court refrain from consideration of the merits, since to do so, I suggest, would bring about exactly the concerns highlighted by the courts in *Groseclose* and *Arnold*.

R&R at 3-4.

In his objections, the plaintiff argues that he merely wants his case consolidated with the class action pending before Judge Edmunds. In fact, he states he filed the action before Judge Edmunds, "and someone else took it upon him/herself to transfer Plaintiff's complaint to this Court.

Plaintiff was never informed why his complaint was transferred from the Southern Division." Pl.'s Objs at 2.

The plaintiff misunderstands both *Groseclose* and the nature of filings in the Eastern District. As to the former, in that case, the plaintiff was not already a member of a certified class. Here, the plaintiff is a member of the class. Moreover, since the claims stated in the plaintiff's complaint in this action are identical to those claims in the class action, consolidation would serve no purpose. Theoretically, the plaintiff might seek relief by appropriate motion practice in the class action suit, but he plainly may not proceed individually in this case.

As to the latter, the plaintiff may not select an individual judge to hear his case. He must file the appropriate paperwork with the Clerk of Court and from there, the case is randomly assigned to a presiding judge as directed by the Local Rules. As a result, there was no malfeasance or clerical error when the matter came to this Court. The case is properly before this Court, and the Court concludes the plaintiff's objections lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 30] is **ADOPTED**, the plaintiff's objections [dkt # 31] are overruled, the defendants' motion to dismiss [dkt # 26] is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 5, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 5, 2007.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS